## SUFFICIENCY OF THE ALLEGATION THAT THE INSURED WAS IN GOOD STANDING.

Circuit Court of Cuyahoga County.

ORDER OF AMERICUS V. CHARLOTTE MCDOWELL.

Decided, June 11, 1907.

*Pleading—Benefit Societies—Stating Cause of Action—Impeachment of Witness.*

1. Where a petition attaches as an exhibit the certificate sued upon, it is not necessary to set forth the charter of the association which issued the certificate, its constitution and by-laws, or the application for membership or medical examination of the insured, and an allegation that the insured was a member in good standing makes unnecessary any averment that he had conformed to all the rules and regulations of the society.

2. It is not necessary that the questions asked of an impeaching witness be in the exact words of the questions asked the witness sought to be impeached, if the substance of the inquiry is in each case the same.

*F. C. Scott,* for plaintiff in error.
*Smith, Taft & Arter,* contra.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

This proceeding in error is prosecuted to reverse a verdict and judgment recovered by Charlotte McDowell, upon a death benefit certificate issued to her husband by the plaintiff in error. So many errors in this voluminous record are here alleged that we can only give our conclusions without discussion.   The petition below alleges that the Order of Americus is a fraternal beneficiary association, incorporated under the laws of the state of Pennsylvania, and licensed to do business in Ohio; the answer admits that it is a fraternal beneficial association, and makes no answer to the allegations of its corporate capacity except such as is embraced within the general denial with which it concludes.   This statement in the pleadings presents no issue upon the question of corporate capacity.

It is further alleged that the petition states no cause of action, for the reason that although it attaches as an exhibit the certificate sued on and makes the same a part of the petition, it fails to set forth the charter, articles of association, constitution and laws, application for membership and medical examination, which are all made a part of death benefit contracts of such organizations by 97 Ohio Laws, 421, Section A. This provision of law may well be applicable without rendering the petition demurrable. It states substantially the effect of the contract, to-wit: that the husband of the defendant in error was insured by the plaintiff in error, in her behalf.

It is also claimed that the petition is defective in that it fails to allege that Evergreen Council No. 78, located at Cleveland, Ohio, and of which the decedent was a member, had any connection with the Order of Americus. We think, however, that the certificate attached to and made a part of the petition, supplied this defect.

It is further urged that there is no averment in the petition that the decedent, John H. McDowell, performed his part of the contract; to the allegation that the defendant paid his dues and assessments should have been added, it is urged, that he had conformed with all the rules and regulations of the order. The petition, however, alleges that he was a member in good standing in the order; this, we think, sufficiently meets the objections made thereto.

The same is true of the lack of averment of any consideration rendered by the decedent in the making of the contract.

It is further urged that the evidence was not confined to the averments of the petition in that the book of laws of the Order of Americus was received in evidence. We think it was perfectly proper for the plaintiff to show the laws in order to show that her husband was a member in good standing, and to show the terms of the insurance.

Complaint is further made that the plaintiff's evidence was insufficient to make a case for the jury, in that the articles of association of the Order of Americus were made a part of the contract of insurance by statute, and though shown to be in ex-

istence, were not offered in evidence. We do not think that this was an essential item of evidence in view of the recitals in the certificate on which plaintiff sues.

No evidence, it is contended, was produced of the payment of any dues or assessments by the decedent, nor that the fee of the medical examiner was ever paid, as provided for by Section 34 of the book of laws, nor that McDowell became a member of the Order of Americus, in accordance with the rules of said society, nor that he ever accepted the certificate or made any contract whatever.

These were all matters of fact, as to each of which we find the bill of exceptions does disclose evidence. Another error urged is in the admission of large parts of the testimony of Philip J. Mooney, who was called by the plaintiff as a witness, to impeach one of the witnesses produced by defendant below regarding statements in conversation between them. No proper foundation, it is claimed, was laid for such questions as the witness was called upon to answer. Our examination of the record does not sustain this claim. It is true that the questions asked by plaintiff below of her witnesses in rebuttal were not always in the identical words used in cross-examining plaintiff in error's witness whom she sought to impeach, but the substance of the inquiry in each case was the same.

The letter of Mrs. McDowell to the Order of Americus dated June 2, 1904, was admissable in evidence and ought not to have been rejected, but we can not see from a perusal thereof how the plaintiff in error can possibly have been prejudiced by its exclusion. The questions asked Mr. Fouts, in regard to the action of the subordinate lodge as to the payment of Mrs. McDowell's claim; the testimony in regard to the sending of flowers to the funeral—by members of the lodge and their own attendance thereat were all incompetent and should have been excluded, but in view of the charge of the court with respect to these items of evidence, and especially in view of the jury's answers to interrogatories, we see no prejudice to the plaintiff in error in the admission of this testimony.

Mr. Fout's description of the roll book and general characterization of its contents did not tend to contradict the document itself, but merely to identify it, and was not erroneously admitted.

The cross-examination by the plaintiff below of her own witness, Frank P. Fouts, is complained of, but it lay entirely within the discretion of the court. It was improper to permit Mrs. McDowell to testify that she learned after paying the $5 that the person to whom she paid it was an officer of the order, but no exception was taken at this point; the preliminary questions to which exception was reserved, not being prejudicial. We pass over, without mention, many other objections to the introduction and exclusion of testimony.

Divers objections are presented to the requests to charge made by plaintiff below and given as requested. We pause only upon the words "clear and satisfactory" in request No. 11 and to the repetition of the same phraseology in the general charge, as follows:

"If payment were essential under the contract proof of non-payment must be clear and satisfactory."

No question was raised as to the fact of payment by Mrs. McDowell to one Cruse at the time the certificate was by him delivered to her in her husband's absence. The sole question in this action was whether Cruse was an authorized representative of the Order of Americus. The testimony clearly and satisfactorily shows that he did represent the order in some capacity and that he was held out by the local lodge as having authority to deliver certificates and collect payments, as the jury specially found. Under these circumstances we do not think that the jury could have been misled by the expression "clear and satisfactory" instead of "preponderating."

The court's charge to the jury with respect to defendant's second defense undertook to detail in substance the facts relied on, to show that McDowell died while in the violation of law, and we think the statement so made was substantially correct. The allegation of error in this behalf, is, we think, not well taken.

In weighing the evidence with regard to this defense, it is al-
together possible that our judgment would disagree with that
of the jury below, but we do not find that their conclusions are
so palpably unsupported by the evidence as to justify us in set-
ting it aside.

The newly-discovered evidence upon which the motion for a
new trial was in part founded is not of such a nature, being
merely cumulative, as to require that relief. We find no error
either in this respect or in granting leave to plaintiff below to
file an amended petition after verdict, to conform with the proof,
as no such pleading has in fact been filed.

Finding no reversible error in the record, the judgment is
affirmed.